Kelli P. McCoski, Esq. Informal Opinion County Attorney No. 97-12 County of Montgomery 123 Guy Park Ave. Amsterdam, New York 12010
Dear Ms. McCoski:
You have asked whether the county is authorized to supersede section214(2) of the County Law, which requires the publication of the full text of a local law after its adoption.
Under section 214(2), the legislative body of a county must designate at least two newspapers published within the county as official newspapers for the publication of local laws and other matters required by law to be published. (If there is only one newspaper having circulation in the county, that newspaper is to be designated.)
 Except as otherwise provided by law, the clerk of the . . . [legislative body] shall cause a true copy of each local law to be published in such official newspapers at least once a week for two successive weeks . . .
In a prior opinion of this office, we concluded that a non-charter county, such as Montgomery County, may supersede the publication requirement of section 214(2) and substitute the single publication of a notice of adoption and an abstract of the provisions of the newly enacted local law, together with details as to the location and availability of a copy of the full text for further review. Op Atty Gen (Inf) No. 92-1, which is attached as Appendix A.
We stated in our 1992 opinion that counties are authorized to adopt and amend local laws, not inconsistent with the provisions of the Constitution or any general State law, relating to their property, affairs or government and the transaction of their business. N Y Const, Art IX, § 2(c)(i) and (ii)(3); Municipal Home Rule Law § 10(1)(i) and (ii)(3). We found that the proposed local law dealing with post-adoption publication of local laws falls within the scope of this home rule authority.
Further, we concluded that section 214(2) is not a "general law", within the home rule definition, and therefore may be superseded by local law. A general law, regarding counties, is one "which in terms and in effect applies alike to all counties, [or] all counties other than those wholly included within a city". We reasoned that charter counties are specifically authorized by charter law or local law to supersede section 214, establishing that section 214 is not by its terms a general law. Further, we found that several counties had in fact superseded section 214, establishing that the provision is not, in effect, a general law.[1]
Therefore, we concluded and reiterate now that a non-charter county by local law may supersede the provisions of section 214 of the County Law.
We note that the Municipal Home Rule Law establishes the procedure for adoption of local laws and includes a requirement for post-adoption notification. Municipal Home Rule Law § 27. The clerk or other officer designated by the county legislative body is to file a certified copy of the adopted local law in the office of the county clerk and in the office of the Secretary of State. County Law § 214 is an additional publication requirement applicable only to counties. Other local governments rely on the procedure in the Municipal Home Rule Law.
We conclude that a non-charter county may enact a local law superseding the post-adoption publication requirement of section 214(2) of the County Law.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions
Attachment
[1] See, current Westchester County Charter, Ch 104, § 104.11(2).